IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Tori Keon Thompson, | Civil Action No. 3:25-cv-9792-CMC |
| Plaintiff, | |
| vs. | **ORDER** |
| Equifax Information Services, LLC; Experian Information Solutions, Inc.; Transunion LLC; Online Data Exchange, LLC; Palm Citz FCU; Navy Federal Credit Union; Kohs/Capone; Capital One NA, | |
| Defendants. | |

This matter is before the court on Plaintiff's Complaint, alleging ongoing inaccuracies on his credit reported by Palm Citz FCU, Community Financial, Capital One, and certain bankruptcy tradelines, despite his notifications to the consumer reporting agencies (Equifax, Experian, and Transunion) ( collectively "CRAs"). ECF No. 1. He contends CRAs failed to delete, correct, or flag as disputed any of the inquiries he disputes. He asserts he suffered credit denials, increased interest rates, lost financing opportunities, emotional distress, and invasion of privacy. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings.

On February 4, 2026, the Magistrate Judge issued a Report and Recommendation ("Report") recommending Plaintiff's claims pursuant to the Fair Debt Collection Practices Act ("FDCPA") and the South Carolina Unfair Trade Practices Act ("SCUPTA"), as well as state law claims for negligence and breach of fiduciary duty, be summarily dismissed without prejudice and without issuance and service of process as to all Defendants.  ECF No. 29. In addition, she

recommended all claims against Defendants Navy Federal Credit Union and Kohl's/Capone be summarily dismissed without prejudice and without issuance and service of process. *Id.* at 9. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff failed to file objections, and the time to do so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The court is only required to review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After considering the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the Report's recommendations. Accordingly, the court adopts the Report by reference in this Order. All claims under the FDCPA and SCUPTA, as well as state law claims for negligence and breach of fiduciary duty, are dismissed without prejudice as to all Defendants. Additionally, Defendants Navy Federal Credit Union and Kohl's/Capone are

2

also dismissed without prejudice. This matter is re-referred to the Magistrate Judge for pretrial proceedings as to the remaining claims and Defendants.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
March 12, 2026

3