IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Tori Keon Thompson, | Civil Action No. 3:25-cv-9792-CMC |
| Plaintiff, | |
| vs. | **ORDER** |
| Equifax Information Services, LLC; Experian Information Solutions, Inc.; Transunion LLC; Online Data Exchange, LLC; Palm Citz FCU; Capital One NA, | |
| Defendants. | |

This matter is before the court on motion to dismiss by Palmetto Citizens Federal Credit Union (included as a Defendant named "Palm Citz FCU"). Dkt. No. 33. Because Plaintiff is proceeding *pro se*, in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of dismissal procedures and possible consequences if he failed to respond to Palmetto Citizen's motion. Dkt. No. 37. Plaintiff did not file a response, and the time in which to do so has expired.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings. On April 20, 2026, the Magistrate Judge issued a Report and Recommendation ("Report") recommending Palmetto Citizens' motion to dismiss be denied as moot, as it seeks relief already granted. Dkt. No. 72. Palmetto Citizens did not file objections to the Report.[1]

---

[1] During the time for objections, Palmetto Citizens filed an Answer. Dkt. No. 77.

On March 12, 2026, the court entered an Order adopting a previous Report by the Magistrate Judge and dismissing all claims under the FDCPA and SCUPTA, as well as state law claims for negligence and breach of fiduciary duty. Dkt. No. 50. This leaves only Plaintiff's FCRA claim against Palmetto Citizens. However, Palmetto Citizens' motion did not address this claim, but addresses only the FDCPA, SCUPTA, and negligence claims. Dkt. No. 33 at 3-7. Although the FRCA claim is mentioned as brought by Plaintiff, no argument is advanced regarding its dismissal. *Id.*

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The court is only required to review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After considering the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the Report's recommendations. Accordingly, the court adopts the Report by reference in this Order. Defendant Palmetto Citizens' motion to dismiss (Dkt.

2

No. 33) is denied as moot.   This matter is re-referred to the Magistrate Judge for pretrial proceedings.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
May 19, 2026

3